IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISRRAEL ROBLEDO-CARDENAS,<br><br>Defendant. | **8:23–CR–06**<br><br>**MEMORANDUM AND ORDER ON MOTION FOR COMPASSIONATE RELEASE** |

Defendant Isrrael Robledo-Cardenas is currently serving a 180-month sentence based on his convictions for possession with intent to distribute 50 grams or more of methamphetamine (actual) and possession of a firearm in furtherance of drug trafficking. Filing 46 at 1 (Judgment).[1] Presently before the Court is the defendant's *pro se* Motion for Compassionate Release, Filing 48. The defendant cites what appears to be a policy disagreement with the statute that he pleaded guilty of violating and the guidelines that were calculated in his case. For the reasons stated below, the Motion is denied.

## I. MOTION FOR COMPASSIONATE RELEASE

Under 18 U.S.C. § 3582(c)(1)(A), prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the

[1] The Court sentenced the defendant to 120 months of imprisonment on the methamphetamine charge (Count I) and 60 months as to the firearm charge (Count II). Filing 46 at 1–2. The 60-month sentence as to Count II runs consecutive to the 120-month sentence imposed as to Count I. Filing 46 at 1–2.

Bureau of Prisons to bring a motion' on [his] behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule." *Id.* Here, it appears that the defendant has exhausted his administrative remedies with the BOP because more than 30 days have lapsed since the prison warden received his request. *See* Filing 48 at 11 (showing that the defendant submitted a request to the warden on January 30, 2026). The Court therefore turns to the merits of the defendant's motion.

Turning to the standards for compassionate release, 18 U.S.C. § 3582(c)(1)(A) provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The burden to establish an entitlement to sentence reduction is on the prisoner. *See Avalos Banderas*, 39 F.4th at 1062. "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines sets out circumstances that can constitute "extraordinary and compelling reasons" warranting a reduction in the defendant's sentence for purposes of 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 provides six categories of circumstances to consider, which are (1) the medical circumstances of defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; (4) whether the defendant was the victim of certain abuse; (5) other reasons; (6) and whether the defendant is serving an unusually long sentence. *See* U.S.S.G. 1B1.13(b)(1). The defendant only references the "other reasons" section in his motion. U.S.S.G. 1B1.13(b)(1) ("Other reasons" reduced from all capitals); *see generally* Filing 48. "Other reasons" can constitute "extraordinary and compelling reasons" where,

> The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. 1B1.13(b)(1).

Here, the defendant appears to offer a policy disagreement with the statute he was convicted under and the guidelines that were applied at his sentencing. *See* Filing 48 at 4–9. Among other things, the defendant asserts that he was merely a "low-level drug dealer" and that he should have therefore been convicted under 21 U.S.C. § 841(b)(1)(B) instead of 21 U.S.C. § 841(b)(1)(A), which he argues would have resulted in a lighter sentence. Filing 48 at 6. The defendant supports his conclusion by *inter alia* referring to purported guidance offered to prosecutors by former United States Attorney General Merrick Garland and by asserting generally that "[t]he purity level [of the methamphetamine] is simply not indicative of this [defendant's] culpability." Filing 48 at 6–8. The defendant also asserts that he should have been sentenced under the "mixture" guideline instead of

the "actual" methamphetamine guideline because the purity of the methamphetamine involved in his offense of conviction was not indicative of his level of culpability. *See* Filing 48 at 6–8.

The Court concludes that the defendant's policy disagreement with his statute of conviction and the guideline predicating his base offense level do not constitute an extraordinary and compelling reason warranting a reduction in his sentence.[2] With respect to the defendant's guideline-based argument, the defendant acknowledges that the Sentencing Commission has not addressed the "issue" in the guidelines that he complains of. Filing 48 at 6. The extent and applicability of the guideline applied in the defendant's case (*i.e.*, U.S.S.G. § 2D1.1(a)(5)) has not changed. U.S.S.G. § 2D1.1(a)(5), (c) (saying a base offense level of 30 is imposed if the offense involved at least 50 grams of methamphetamine (actual)); Filing 43 at 5 (¶ 20) (saying law enforcement discovered "104 grams of actual methamphetamine (lab confirmed) along with a 9 mm handgun"). Under the law, a motion for compassionate release can only be granted when "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Given the Sentencing Commission's present application of the same guideline the defendant objects to, it would be nonsensical for the "other reasons" category of the Sentencing Commission's policy statement to embrace the defendant's position that the guideline applied at his sentencing is unfairly harsh. Therefore, the Court is not at liberty to find that the defendant's policy disagreement with the guideline constitutes an extraordinary or compelling reason to reduce his sentence. 18 U.S.C. § 3582(c)(1)(A) (saying a reduction in sentence may only

[2] Even if the Court had not applied the guideline as it did at sentencing, the defendant would have nevertheless been subject to the statutory mandatory minimum of 120-months pursuant to the statute that he pleaded guilty to. 21 U.S.C. § 841(b)(1)(A). The defendant received a 120-month sentence as to the relevant count.

be given if it is consistent with the Sentencing Commission's policy statements); U.S.S.G. § 2D1.1(a)(5), (c); Filing 43 at 5 (¶ 20).

With respect to the defendant's argument that the statute of conviction is unduly harsh and that he should have instead pleaded guilty to a more forgiving provision, the defendant nowhere asserts that he was not in fact guilty under the statute of conviction. *See generally* Filing 48 (arguing that the defendant's level of culpability would have been better captured by a conviction pursuant to § 841(b)(1)(B) and guideline calculations based on methamphetamine mixture instead of actual methamphetamine). The circumstances the defendant points to are not "similar in gravity to those described in paragraphs (1) through (4)," as the law still provides for a mandatory minimum sentence of 120-months in the defendant's circumstances. U.S.S.G. § 1B1.13(b) (providing circumstances that might warrant relief in paragraphs (1) through (4)); 18 U.S.C. § 3582(c)(1)(A) (saying *inter alia* that there must be extraordinary and compelling reasons that warrant a reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). Generally speaking, the circumstances the defendant refers to also cannot be said to constitute an *extraordinary* circumstance warranting relief given the substantial number of incarcerated defendants that are in the same position as Robledo-Cardenas. The defendant has not demonstrated that he is eligible for compassionate release, and his motion is denied. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(b).

Even if the Court assumes for argument's sake that the defendant is eligible for compassionate release, his motion would nevertheless be denied because a reduced sentence would be contrary to the 18 U.S.C. § 3553(a) factors. Under § 1B1.13, the Court "*may* reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . [e]xtraordinary and compelling reasons warrant

the reduction." U.S.S.G. 1B1.13 (emphasis added); *see also United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020) (upholding the denial of compassionate release where the district court assumed that the defendant had presented extraordinary and compelling reasons, but the § 3553(a) factors weighed against granting release); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) ("The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence.").

The relevant factors under 18 U.S.C. § 3553(a) in this case include the "nature and circumstances of the offense," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a). Additionally, the Court has considered the "need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Consideration of these factors indicates that granting compassionate release in this case would be inappropriate.

The Presentence Investigation Report indicates that law enforcement discovered 104 grams of actual methamphetamine, a loaded handgun, and $4,000 in U.S. currency in the defendant's vehicle after the defendant was pulled over and gave law enforcement a false name and date of birth. Filing 43 at 5–6 (¶¶ 19–24). Additionally, law enforcement searched the defendant's residence and found several firearms, including a shotgun shortened to approximately 25 inches, and tools of the drug trade. Filing 43 at 6 (¶ 23). Narcotics like methamphetamine have inflicted significant harm on country and Omaha, Nebraska. Possessing a firearm in relation to the offense made the defendant's conduct all the more serious. Filing 43 at 5–6 (¶¶ 19–22). The severity of the defendant's offense weighs against granting compassionate release. 18 U.S.C. § 3553(a)(1). The needs to "provide just punishment for the offense," "afford adequate deterrence," and "protect the public" would similarly not be served by granting the defendant's motion. 18 U.S.C. § 3553(a)(2). Finally, under 18 U.S.C.

§ 3553(a)(6), the Court must consider whether a sentence reduction is consistent with "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The Court recognizes that there are many similarly-situated defendants, and the defendant's request would exacerbate rather than remedy unjust sentencing disparities. The section 3553(a) factors considered above weigh against compassionate release.

The Court has considered the remaining applicable § 3553(a) factors and finds that these factors do not favor reducing the defendant's sentence either. Having evaluated the pertinent factors, the Court concludes that the defendant has failed to show that his release would not be contrary to 18 U.S.C. § 3553(a). The Motion for Compassionate Release, Filing 48, is denied.

IT IS ORDERED:

1. The defendant's Motion for Compassionate Relief, Filing 48, is denied.

Dated this 29th day of October, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge